OPINION
Defendant-appellant Daniel Millward appeals from a decision rendered by the Mahoning County Common Pleas Court which designated him a sexual predator. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE
In 1996, appellant was indicted on two counts of sexual battery in violation of R.C. 2907.03 and two counts of gross sexual imposition in violation of R.C. 2907.05. Each count contained a physical harm specification. These charges arose out of appellant's sexual assaults on his daughters over the course of a number of years. Appellant admitted to having intercourse with his fourteen-year-old daughter on more than one occasion in 1995. Also during 1995, appellant repeatedly fondled and digitally penetrated this daughter. Appellant also admitted to fondling and digitally penetrating his ten-year-old daughter from the time she was seven.
In return for appellant's guilty pleas to the four counts, the state amended the charges by withdrawing the physical harm specifications. Appellant was sentenced to eighteen months on each count to run consecutively. On March 3, 1999, the trial court conducted a sexual predator hearing. The state presented the presentence investigation report and the testimony of the victims' counselors. Thereafter, the trial court found that appellant was a sexual predator. This appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT LACKED SUFFICIENT EVIDENCE TO DETERMINE THAT DEFENDANT-APPELLANT WAS A SEXUAL PREDATOR."
We must determine whether the trial court was presented with clear and convincing evidence that appellant is a sexual predator. R.C. 2950.09(C)(2). Clear and convincing evidence is a measure of proof which is more than a mere preponderance of the evidence but less than the certainty required to prove a criminal conviction beyond a reasonable doubt. Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas
(1996), 108 Ohio App.3d 697, 700, quoting State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. In reviewing the record, however, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination. Id.
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[1] When determining whether an offender is likely to commit a sexually oriented offense in the future, the trial court must consider all relevant factors, including but not limited to those factors set forth in R.C. 2950.09(B)(2). Those factors are as follows: (a) the offender's age; (b) the offender's criminal record; (c) the victim's age; (d) the existence of multiple victims; (e) the use of drugs or alcohol to impair the victim; (f) whether the offender completed any prior sentences and whether the offender participated in a program for sexual offenders if the offender has a prior sexual offense conviction; (g) whether the offender suffers from any mental illness or mental disability; (h) the nature of the contact with the victim and whether the contact was part of a demonstrated pattern of abuse; (i) whether the offender displayed or threatened cruelty; (j) any additional behavioral characteristics that contribute to the offender's conduct."
Appellant argues that the state presented insufficient evidence that he is likely to commit future sexually oriented offenses. He contends that several factors weigh in his favor. He points out that he has no prior criminal record, and that he did not use drugs or alcohol to impair his victims. He claims to be remorseful and states that he was cooperative during the investigation. He insists that he did not threaten cruelty during the attacks. He notes that he was diagnosed with pedophilia limited to females. He then states his pedophilia is further limited to his daughters. From this, he somehow concludes that he poses no threat to the female children of the general public. Incredibly, he argues that the trial court should not have considered the fact that there were multiple victims since he had two daughters rather than one. He also claims that the trial court should not have considered the age of the victims because a pedophile's victim is always a child.
After applying the evidence presented at the hearing to the relevant factors, we hold that the trial court correctly determined appellant to be a sexual predator. Appellant had sexual intercourse with his fourteen-year-old daughter more than once. For a time prior to those encounters, he fondled and digitally penetrated her more than once. Appellant also fondled and digitally penetrated his youngest daughter from the time she was seven to the time she was ten. The age of the victims weighs against appellant. The fact that there were two victims weighs against appellant. The number of incidents weighs against appellant by demonstrating a pattern of sexual abuse. The act of penetration weighs against appellant. The fact that appellant used his position as their father as he exercised his visitation rights weighs against appellant.
The fact that appellant prefers to have sex with his daughters does not weigh in his favor as he claims. The state points out that appellant may reproduce in the future and thus have access to his own children. Regardless, a pedophile's preference for his daughters does not preclude that pedophile from attempting to assault other female children when access to his daughters is denied.
As for threats of cruelty, these may be implied from a counselor's testimony that the oldest victim "feared that her father would hit her if she did not have sexual relations with him, and that he would come to her school and take her out of school away from her mom." (Tr. 11). There is no evidence that appellant participated in a sexual offender program during the nearly three years that he was imprisoned. There was no evidence that appellant was mentally ill or disabled.
In weighing the relevant factors, a firm conviction is impressed upon one's mind that appellant is likely to reoffend in the future. As such, the trial court properly determined by clear and convincing evidence that appellant is a sexual predator. Appellant's sole assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
COX, P.J., WAITE, J., concurs.
[1] It is undisputed that appellant's crimes are sexually oriented offenses.